Samuel H. Hofstadtee, J.
This is a proceeding under article 78 of the Civil Practice Act to review and annul an order of the State Bent Administrator denying the petitioner landlord an increase in maximum rents. The application for increase was made under subdivision 5 of section 33 of the State Bent and Eviction Begulations, on the claim that the rental income from the property yields a net annual return of less than 6% of the valuation of the property. The statute, as amended, here applicable prescribes that “ Such valuation shall be the current assessed valuation established * * * properly adjusted * * * except where there has been a bona fide sale of the property as the result of a transaction at arms’ length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances such as a forced sale, exchange of property, package deal, wash sale or sale to cooperative ” (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd. by L. 1957, ch. 755).
Instead of applying the equalized assessed valuation to the petitioner’s property, the respondent treated its cost to the petitioner as the properly applicable valuation. The petitioner acquired the property by accepting a deed in lieu of foreclosure from the former owner. The respondent viewed the transaction so concluded as a bona fide sale within the terms of the statute, permitting departure from the general rule which prescribes *981 the equalized assessed valuation. Neither of the parties has cited any authority upon the question whether a deed in lieu of foreclosure is a bona fide sale within the purview of the statute. The record here shows nothing beyond the naked fact that the petitioner acquired the property in the manner stated; no facts appear showing what efforts, if any, the owner-mortgagor made to sell the property through other channels or what were the circumstances which led to the conveyance. Each party insists that the burden to establish such facts lies with the other. Though the question is not free from doubt, it is my view that the conveyance in lieu of foreclosure, with nothing more, does not stamp the transaction as a bona fide sale, as defined in the act, so as to permit the rejection of the equalized assessed valuation. Had the respondent been correct in using the cost to the plaintiff as the proper valuation, then he would have been equally correct in not adding to that cost the amount spent later by the petitioner to remove the violations. If the sale price, rather than the assessed value, were the proper measures of valuation, then, too, depreciation would properly be computed on the sale price instead of the assessed valuation.
The other errors complained of by the petitioner are without merit. Since, however, on the present record there was no justification for not using the equalized assessed valuation, the order is annulled and the matter remitted to the Administrator for further action not inconsistent herewith.
Settle order.